UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS

| | |
|---|---|
| PONTCHARTRAIN GARDENS, INC., ET AL. | CIVIL ACTION NO. 07-7965 |
| VERSUS | JUDGE DONALD E. WALTER |
| STATE FARM GENERAL INS. CO., ET AL. | MAGISTRATE SHUSHAN |

## **MEMORANDUM ORDER**

The parties in the above captioned matter were ordered to brief the Court regarding the allocation of costs.

Jury trial was held in this Hurricane Katrina case on February 11, 12, 13, and 16, 2009. A verdict was rendered for Pontchartrain Gardens, Inc., and Viper Investments, LLC, ("Plaintiffs"), in the amount of $2100.00. Plaintiffs assert that they are entitled to costs as the prevailing party. Defendants, State Farm General Insurance Co., and State Farm Fire and Casualty Insurance Co., ("State Farm"), argue that Plaintiffs cannot be considered the prevailing party because Plaintiffs' actual recovery was significantly less than what was initially sought. State Farm also asserts that Plaintiffs are required to pay the costs it incurred after State Farm presented Plaintiffs with an offer of judgment.

I.  State Farm's Offer of Judgment

State Farm has submitted evidence that it served an offer of judgment for $76,000, inclusive of costs, upon counsel of record for Plaintiffs on January 27, 2009. *See* Doc. #189-3. Federal Rule of Civil Procedure 68(a) states in relevant part: "More than 10 days before trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified

terms, with the costs then accrued." Service under Rule 68(a) should be made in accordance with Federal Rule of Civil Procedure 5. *See Nabors v. Texas Co., 32 F.Supp.* 91 (D.C. La. 1940). Rule 5(b)(1) requires that service be made upon the attorney if the party is represented. Rule 5(b)(2) states that service may be made by delivering a copy of the document in question to a party in the following ways: (1) handing it to the person; (2) leaving it at the person's office with a clerk, or if the office is closed by leaving it at their residence with a person of suitable age and discretion; (3) mailing it to the person's last known address; (4) leaving it with the court clerk if the person does not have an address; or (5) by delivering by another means consented to in writing by the person served, including electronic means. State Farm served Plaintiffs in compliance with Rule 5 by leaving the offer of judgment with a clerk at the law firm of Gauthier, Houghtaling and Williams, in Metairie, Louisiana. .

Rule 68(d) sets forth the consequences of an unaccepted offer if a judgment is reached in a lesser amount: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Rule 68 is mandatory and leaves no room for discretion to the district court. *Johnston v. Penrod Drilling Co.*, 803 F.2d 867, 869 (5th Cir. 1986).

Accordingly, this Court must require that Plaintiffs pay the costs which were incurred by State Farm after the offer of judgment was served.

II. <u>Award of Costs to the Prevailing Party</u>

Plaintiffs request that the Court award costs in their favor as the "prevailing party" in this matter. Federal Rule of Civil Procedure 54(d)(1) states in relevant part: "unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed

2

to the prevailing party." State Farm counters that it is actually the prevailing party because the jury award was significantly less than the damages sought by Plaintiffs.

The determination of which party qualifies as the prevailing party "is a clear, mechanical one; when a judgment is entered in favor of a party, it is the prevailing party." *Allianz Verischerungs, AG v. Progreight Broker Inc.*, 99 Fed. Appx. 10, 13-14 (5th Cir. 2004). The Court is prepared to enter a judgment in favor of the Plaintiffs in conformance with the jury's verdict upon completion if its review of the cost issues. Therefore, Plaintiffs are the prevailing party under Rule 54(d)(1).

"A district court has wide discretion whether to award costs to a prevailing party." *Energy Management Corp.*, 467 F.3d 471, 483 (5th Cir. 2006)(internal citations omitted). However, the Fifth Circuit Court of Appeals recognizes a strong presumption that the district court will do so." *Id.* Whether or not costs are awarded is reviewed for abuse of discretion. *Id.* If costs are denied the district court is required to state its reasons in doing so. *Id.*

Upon due consideration, costs are hereby awarded to Plaintiffs as the prevailing party in this matter. However, in an exercise of its discretion the Court hereby denies full recovery of pre-offer costs by Plaintiffs. The recovery granted to the Plaintiffs by the jury is minimal as compared to the amount of damages initially sought. *See Weiser v. Horace Mann Insurance Co.*, 2:06-cv-09080, Doc. #95 (E.D. La. 2009); citing *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1023 (9th Cir. 2003). The jury only awarded recovery on Plaintiffs' claim for loss of contents, while denying Plaintiffs' claims for building damage, loss of income, and bad faith in insurance claims handling. As such, Plaintiffs were only partially successful, and the Court will only make a partial award of costs. *See Weiser*, Doc. #95 at *7-8.

Plaintiffs are hereby awarded a maximum of twenty-five percent of their pre-offer costs, subject to any reduction in compensable costs by the Clerk of Court.

The parties are hereby **ORDERED** to submit a draft of a final judgment, agreed as to form, which incorporates the rulings of this order. The draft shall be submitted within ten calendar days from the date of this order.

**THUS DONE AND SIGNED**, this 12 day of June, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE